UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

_____

| | |
|---|---|
| In Re:<br><br>BRANDON D. MOON, and<br>BRITTANY T. MOON,<br><br>Debtors, | Bankruptcy Case<br>No. 10-42170-JDP |

_____

MEMORANDUM OF DECISION
_____

In this case, the Court has reviewed Trustee's Final Report, Dkt. No. 30, Trustee's Application for Compensation and Reimbursement of Expenses, Dkt. No. 31, and Trustee's Affidavit in Support of Trustee's Fee and Expenses, Dkt. No. 36, all filed by chapter 7 trustee R. Sam Hopkins ("Trustee"). In reviewing a chapter 7 trustee's fee request, this Court presumes for purposes of 11 U.S.C. § 330(a)(7) that the trustee should receive a fee commensurate with the amount calculated per 11 U.S.C. § 326(a). However, a review of the record in this case

casts doubt on whether that presumption should be applied. To allow Trustee an opportunity to supplement that record and further support his fee request, the Court entered its Order to Trustee on December 29, 2011, Dkt. No. 35, which directed Trustee to "file a sworn affidavit in support of his requested compensation and expenses which includes an itemization setting for the date and time spent providing all services rendered by Trustee for which he seeks compensation . . . ." However, Trustee's "Supplement to Fee Application" submitted in response to the Court's order, Dkt. No. 36, is unsworn, provides no detailed itemization of the date and time spent by Trustee providing services, and instead, offers only a cryptic narrative description those services. Under these circumstances, the Court is unable to determine that Trustee has rendered the quantity and sort of services required satisfy his burden or proving his fee request is reasonable, and any presumption to the contrary is overcome.[1]

On the basis of these submissions, the Court finds that reasonable compensation for Trustee's services as trustee in this case is $800.00. See 11

---

[1] Trustee notes in his Supplement that his fee request of $1,250 has been "reduced" in order "[t]o provide a meaningful distribution to creditors" as compared to the amount allowed by 11 U.S.C. § 326(a), $1,483.33. Trustee apparently acknowledges that compensation in an amount less than the full "commission" is reasonable in this case.

MEMORANDUM OF DECISION - 2

U.S.C. § 330(a); In re B&B Autotransfusion Services, Inc., 443 B.R. 543 (Bankr. D.Idaho 2011). Reimbursement of all requested expenses will be approved. If Trustee would like a hearing to submit additional information, evidence, or argument in support of his fee application, he should contact the Court's calendar clerk to schedule such a hearing. If he is willing accept said sum as compensation for his services, he may submit a revised Order approving the Final Report with the revised amount for trustee's compensation, which order may be entered without further notice or hearing.

Dated: January 17, 2012

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge